**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **TERRENCE D. HOWELL,** | ) | **CASE NO. 4: 20 CV 710** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

*Pro se* Petitioner Terrence D. Howell is a federal prisoner confined by the Bureau of Prisons at the Federal Medical Center in Lexington, Kentucky. He has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241, seeking placement in a Residential Re-entry Center under the Second Chance Act. (Doc. No. 1.)

The Court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed.

A petition for *habeas corpus* under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian. *Taylor v. Morrison*, 14 F. App'x 380, 381 (6th Cir. 2001). This Court does not have jurisdiction over the Petitioner's custodian, which is located in Lexington, Kentucky.

Further, although a district court may transfer a *habeas corpus* petition to a district where the petition may have been properly brought if it is in the interest of justice, the Court does not find it in the interest of justice to transfer the Petition, as that would merely result in transferring an insufficient petition to another court. *See id.* (holding that a petition was properly dismissed without transfer where the district court found that the petitioner was not entitled to *habeas corpus* relief and that transfer would needlessly inflict a frivolous petition on another court).

The Petition is insufficient for two reasons. First, the Petition on its face indicates that Petitioner has not exhausted his administrative remedies with respect to the claim he seeks to assert. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (dismissal of a Section 2241 petition is proper where petitioner failed to exhaust his remedies through the Bureau of Prison's administrative remedy program).

Second, the Petition on its face does not suggest a cognizable constitutional claim. The Bureau of Prisons (BOP) retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors. *See Sargent v. F.C.I. Elkton*, No. 4: 13 CV 826, 2013 WL 1947250, at *3 (N.D. Ohio May 10, 2013). While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it

does not automatically entitle, or guarantee, any prisoner placement in a RRC for twelve months. *Woodard v. Quintana*, No. 5: 15 CV 307, 2015 WL 7185478, at *5 (E D. Ky. Nov. 13, 2015). The Petition on its face does not suggest that the BOP has failed to comply with the requirements of the Second Chance Act.

**Conclusion**

Accordingly, the Petition is dismissed pursuant to pursuant to § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               *s/Dan Aaron Polster*    4/6/2020
                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE